1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    RICHARD SEPULVEDA,                          Case No.  23-cv-03897-EMC

8                    Plaintiff,

9            v.                                  **ORDER TO SHOW CAUSE**

10   ENCARNACION PEREZ, et al.,

11                   Defendants.

12

13

14          Plaintiff Richard Sepulveda has filed suit against Defendants Encarnacion Perez

15   (individually and doing business as El Malecon Mariscos Restaurant); Vicente Perez (individually

16   and doing business as El Malecon Mariscos Restaurant); and EP Real Estate Holdings LLC.

17   According to Mr. Sepulveda, the individual defendants own and operate a restaurant which is

18   located in Oakland, California, and EP Real Estate owns the real property where the restaurant is

19   located.  *See* Compl. ¶ 3.  Mr. Sepulveda alleges that he has physical disabilities that require him

20   to use a walker, and that, when he went to the restaurant on two different occasions, he

21   encountered various barriers that prevented him from accessing it.  *See* Compl. ¶¶ 4, 6, 12.  Mr.

22   Sepulveda has asserted the following causes of action against Defendants: (1) violation of the

23   Americans with Disabilities Act ("ADA"); (2) breach of state statutory protections (under the

24   California Health & Safety Code) for persons with physical disabilities; (3) violation of California

25   Civil Rights Acts; and (4) violation of the California Unruh Civil Rights Act.

26          Currently pending before the Court is Judge Ryu's report and recommendation ("R&R")

27   with respect to a motion for default judgment filed by Mr. Sepulveda.  In his motion, Mr.

28   Sepulveda seeks a default judgment on two of the above claims – specifically, the ADA and

United States District Court
Northern District of California

1  Unruh Act claims.  *See* Docket No. 16 (Mot. at 9).  The ADA provides for injunctive relief only

2  (plus attorneys' fees); the Unruh Act allows for monetary relief, including statutory damages in

3  certain circumstances.  *See* R&R at 14, 17; *see also Arroyo v. Rosas*, 19 F.4th 1202, 1205 (9th Cir.

4  2021).  Judge Ryu recommends that Mr. Sepulveda's motion for default judgment be granted and

5  that Mr. Sepulveda be awarded the following relief: "$4,000 in statutory damages[;] $2,660 in

6  attorneys' fees[;] $1,007 for costs[;] [and] an injunction requiring Defendants to provide an

7  accessible parking space, accessible dining tables in the exterior dining area, and a restroom

8  compliant with federal law."[1]  Docket No. 28 (R&R at 19).

9       The Court has reviewed Judge Ryu's R&R.  The R&R, however, does not address the

10  issue of supplemental jurisdiction over the Unruh Act claim – specifically, whether this Court

11  should decline to exercise supplemental jurisdiction.

12       In *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022), the Ninth Circuit held that a district court

13  properly declined to exercise supplemental jurisdiction over an Unruh Act claim pursuant to 28

14  U.S.C. § 1367(c)(4) (providing that a district court may decline to exercise supplemental

15  jurisdiction if, "in exceptional circumstances, there are other compelling reasons for declining

16  jurisdiction").

17       The Ninth Circuit noted first that the circumstances of the case were exceptional.  It began

18  by taking into account that the Unruh Act expands the remedies available to a plaintiff under the

19  ADA.  *See id.* at 1169.

20          [I]n response to these remedies being abused by "a very small

21          number of plaintiffs' attorneys," the California legislature banned
        certain pre-litigation demands and imposed heightened pleading

22          requirements.  Further refining this statutory equilibrium, the
        legislature later imposed additional requirements on "high-frequency

23          litigants."  High-frequency litigants – those who filed "10 or more
        complaints" within the last twelve months – were now required to

24          plead additional facts (such as why they were near the defendant's
        business) and pay an additional $1,000 filing fee for each new case

25          brought.

26

27  _____

[1] Although Judge Ryu ordered that Mr. Sepulveda promptly serve a copy of the R&R on
Defendants, he only recently effected service.  *See* Docket No. 30 (proof of service).  Thus, the

28  time for Defendants to object to the R&R has not yet expired.

1    *Id.* at 1169-70; *see also* Cal. Code Civ. Proc. § 425.50 (addressing high frequency disability access

2    litigants).[2]  There were exceptional circumstances to decline supplemental jurisdiction over the

3    Unruh Act claim because "it would not be fair to defendants and an affront to the comity between

4    federal and state courts to allow plaintiffs to evade California's procedural requirements by

5    bringing their claims in federal court."  *Vo*, 49 F.4th at 1172 (internal quotation marks omitted).

6           The Ninth Circuit then found that there were compelling reasons for declining

7    supplemental jurisdiction – taking into account "what best serves the principles of economy,

8    convenience, fairness, and comity which underlie the pendent jurisdiction doctrine articulated in

9    [*United Mine Workers v.*] *Gibbs* [383 U.S. 715 (1966)]."  *Id.* (internal quotation marks omitted).

10   These factors weighed in favor of declining supplemental jurisdiction over the Unruh Act claim

11   because, even though "every violation of the ADA in California is automatically a violation of the

12   Unruh Act," *Arroyo*, 19 F.4th at 1206, the district court had yet to rule on the ADA claim.  The

13   Ninth Circuit noted that the case before it was distinguishable from *Arroyo* where it had found that

14   the lower court erred in declining supplemental jurisdiction.

15              The fatal flaw we identified in the *Arroyo* district court's order was
                that it waited until a "very late stage" of the litigation to decline
16              supplemental jurisdiction.  The district court there did not decline to
                exercise supplemental jurisdiction over the Unruh Act claim until
17              after it ruled on the ADA claim.  This meant that – notwithstanding
                our court's clear acknowledgment that many of the *Gibbs* values
18              could have been furthered by refusing supplemental jurisdiction
                over the Unruh Act claim in that case – doing so at that late point in
19              the litigation would not actually effectuate any of those values.
                Instead, it would merely create duplicative work for the state court.
20              *Arroyo* summed up the dynamic well: "it is simply too late to undo
                the now-sunk costs already incurred by litigating this matter to its
21              now-inevitable conclusion."

22              None of that is true in this case. The district court here declined
                supplemental jurisdiction over Vo's Unruh Act claim well before it
23              ruled on the merits of the ADA claim.  The district court's order
                therefore completely sidesteps the core concern articulated in
24              *Arroyo*.  Moreover, the district court here analyzed Vo's situation
                under the *Gibbs* values and determined that the values of fairness
25              and comity favored not retaining jurisdiction over the claim.  Given
                these very real concerns, in addition to the deferential standard of
26              review, we see no reason to hold that the district court abused its

27   ───────────────────────────
     [2] Mr. Sepulveda admits he is a high-frequency litigant.  *See* Compl. ¶ 70; *see also* R&R at 16
28   (noting that, per the complaint, Mr. Sepulveda "had filed 39 complaints alleging a construction-
     related accessibility claim during the 12 months prior to filing this complaint").

discretion in determining there were compelling reasons to decline
jurisdiction over the Unruh Act claim.

*Vo*, 49 F.4th at 1172.  As in *Vo*, this case is at the very early stages of litigation, and the Court has issued no substantive ruling on the ADA claim.

In light of *Vo* and *Arroyo*, the Court orders Mr. Sepulveda to show cause as to why the Court should not decline to exercise supplemental jurisdiction over the Unruh Act claim – especially as he concedes he is a high-frequency litigant, which thereby implicates specific procedural requirements imposed by the California legislature if the Unruh Act claim were litigated in state court.  *See, e.g.*, *Sepulveda v. Isa*, No. 24-cv-00620-TSH, 2024 U.S. Dist. LEXIS 107337 (N.D. Cal. June 17, 2024) (issuing similar order to show cause); *see also Sepulveda v. Isa*, No. 24-cv-00620-TSH (Docket No. 17) (recommending that the district court decline to exercise supplemental jurisdiction over Mr. Sepulveda's Unruh Act, CDPA, and California Health and Safety Code claims); *Sepulveda v. Taqueria*, No. 23-cv-01781-LJC, 2023 U.S. Dist. LEXIS 232259, at *10-11 (N.D. Cal. Nov. 20, 2023) (citing *Arroyo* and *Vo* in "conclud[ing] that this case presents 'exceptional circumstances' such that 'there are other compelling reasons for declining [supplemental] jurisdiction' over Mr. Sepulveda's state law claims"), *adopted by* 2024 U.S. Dist. LEXIS 3023 (N.D. Cal. Jan. 5, 2024); *Sepulveda v. Kobaree*, No. 23-cv-02368-RS, 2023 U.S. Dist. LEXIS 136036, at *3 (N.D. Cal. Aug. 4, 2023) (noting that "Plaintiff is no doubt familiar with this legal backdrop, as numerous courts have dismissed his state law claims on this basis").

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

United States District Court
Northern District of California

4

Mr. Sepulveda shall file a response to this order to show cause **within two weeks of the date of this order**.  At the time he files his response, Mr. Sepulveda shall also **serve** a copy of his response on all Defendants and file a proof of service testifying to such.

In addition, the Court orders Mr. Sepulveda to **serve** a copy of this order on all Defendants within three days and file a proof of service attesting to such.

**IT IS SO ORDERED**.

Dated: August 8, 2024

_____
EDWARD M. CHEN
United States District Judge