UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SEPULVEDA,<br><br>Plaintiff,<br><br>v.<br><br>ENCARNACION PEREZ, et al.,<br><br>Defendants. | Case No. 23-cv-03897-EMC<br><br>**ORDER DISMISSING STATE LAW CLAIMS AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Docket Nos. 16, 28 |

    Currently pending before the Court is Plaintiff Richard Sepulveda's motion for default judgment. Mr. Sepulveda seeks a default judgment on two out of four claims asserted in his operative complaint – *i.e.*, the claims for violation of the Americans with Disabilities Act ("ADA") and violation of the Unruh Civil Rights Act.

    Judge Ryu issued a report and recommendation ("R&R") recommending that the motion be granted. *See* Docket No. 28 (R&R). This Court, however, noted that the R&R did not address the matter of supplemental jurisdiction over the Unruh Act claim. The Court therefore issued an order to show cause ("OSC") directing Mr. Sepulveda to show cause as to why the Court should not decline to exercise supplemental jurisdiction over the state law claim. *See* Docket No. 31 (OSC) (citing, *inter alia*, *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022)). Mr. Sepulveda failed to file a response to the OSC within the deadline ordered by the Court. The Court deems this a concession that, under *Vo* and the other authorities cited in the OSC, it should decline to exercise supplemental jurisdiction.

    Accordingly, the Court hereby **DECLINES** to exercise supplemental jurisdiction over Mr. Sepulveda's Unruh Act claim and further **DISMISSES** the claim without prejudice pursuant to 28

U.S.C. § 1367(c)(4).  The Court also **DENIES** without prejudice Mr. Sepulveda's motion for default judgment.  Mr. Sepulveda is not barred, if he so chooses, from moving for default judgment on the ADA claim.  *See Sepulveda v. Isa*, No. 24-cv-0620-AMO (N.D. Cal.) (Docket No. 21) (order, adopting report and recommendation, taking this approach); *Sepulveda v. Tacqueria y Carniceria Martinez LLC*, No. 23-cv-01781-SI (N.D. Cal.) (Docket No. 18) (same).

As to the remaining state law claims, the Court also **DECLINES** to exercise supplemental jurisdiction and **DISMISSES** the claims without prejudice pursuant to § 1367(c)(4).  *See, e.g.*, *Sepulveda v. Kobaree*, No. 23-cv-02368-RS, 2023 U.S. Dist. LEXIS 136036, at *3 (N.D. Cal. Aug. 4, 2023) (holding that California's enhanced procedural requirements apply not just to Unruh Act claims but also other state law claims for violation of California Health & Safety Code § 19955).  Although the Court's OSC did not formally cover these claims, Mr. Sepulveda was given sufficient notice and opportunity to be heard because the OSC did cover the Unruh Act claim and the authorities cited by the Court expressly held that Unruh Act claims and other state law claims are not treated any differently.  *See Ho v. Russi*, 45 F.4th 1083, 1086 (9th Cir. 2022) (stating that "the district court was required to provide [the plaintiff] with notice and an opportunity to be heard before sua sponte declining to exercise supplemental jurisdiction and dismissing his state law claim").

**IT IS SO ORDERED**.

Dated: August 26, 2024

_____
EDWARD M. CHEN
United States District Judge