1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7   RICHARD SEPULVEDA,                    Case No.  23-cv-03897-EMC

8                 Plaintiff,
                                          **ORDER RE SUPPLEMENTAL**
9          v.                             **BRIEFING AND/OR EVIDENCE**

10  ENCARNACION PEREZ, et al.,
                                          Docket No. 35
11                Defendants.

12

13

14          The Court has reviewed Plaintiff's motion for default judgment on the remaining ADA

15  claim.  Having reviewed such, the Court hereby orders that Plaintiff provide supplemental briefing

16  and/or evidence on the issues below.  The supplemental briefing and/or evidence shall be filed

17  **and** served on Defendants within a week of the date of this order.

18  A.     <u>Standing</u>

19          At the time the complaint was filed, Plaintiff alleged that he had visited the restaurant at

20  issue, located in Oakland, on two different dates (June 2023 and July 2023) and encountered

21  barriers to access.  *See* Compl. ¶ 12.  He also alleged that he planned to return to the restaurant

22  once it is made accessible and asserted that these plans are substantiated by the fact that he lives in

23  Oakland – about six miles away from the restaurant – and "travels regularly to and through [the]

24  city on business and pleasure trips."  Compl. ¶ 14.

25          Based on the pending motion, it now appears that Plaintiff no longer lives in Oakland.

26  Plaintiff's counsel has submitted a declaration in which he states as follows:

27              My client, Richard Sepulveda, lived, at the time of the filing of the
                lawsuit, approximately five miles from this restaurant and regularly
28              passed by and patronized this location.  He has since moved to

United States District Court
Northern District of California

Manteca, California, about sixty-four miles away, but he returns
regularly to Oakland, where he lived for many years, to visit friends
and for medical appointments.  This business is on Foothill Blvd.,
the main thoroughfare in Oakland.

MacBride Decl. ¶ 3.

Although the Court appreciates counsel's candor, a declaration from counsel is not sufficient.  Rather, a declaration should have been provided by Plaintiff himself.  The Court therefore orders Plaintiff to file a declaration, submitted under penalty of perjury.  The declaration should address, *inter alia*, when Plaintiff moved to Manteca, how many times has he visited Oakland since then and the reasons therefor, and his reasonable expectations about visits to Oakland in the future and the reasons therefor.  *See Chapman v. Pismo Food Store*, 710 F. App'x 769, 770 (9th Cir. 2018) ("Chapman . . . failed to demonstrate an intent to return to the store.  Chapman failed to establish any regularity in his visits to Pismo Beach, where the store is located, and likewise failed to present sufficient evidence of more than a vague desire to return to the store.").  If there are any confidential matters in the declaration (*e.g.*, related to medical appointments), Plaintiff may ask for the confidential portions to be filed under seal.

B.    Lease

In his motion, Plaintiff asks that injunctive relief be issued – "to the extent each Defendant has the legal right to do so under the lease and state law" and/or "to the extent that the tenant and/or the landlord has control over these aspects of the property under the lease and state law." Mot. at 18.  Plaintiff's concern here seems to relate to *Kohler v. Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1264 (9th Cir. 2015).  There, the Ninth Circuit noted that a landlord cannot "contract away its responsibility under the ADA" but that a tenant can only be held responsible for the part of the property it has leased.  *Id.* at 1264 ("BB&B, like any tenant, has no preexisting control of a property.  Absent a lease, it lacks any legal relationship at all to the property.  That it takes control of a part of the property, subject to a lease, imposes ADA compliance obligations on it for that part of the property it controls").

While it is a reasonable inference (based on the allegations in the complaint) that at least some of the defendants have control over the restaurant, which would give them the right to make changes in the dining area and bathroom, can a similar inference be made with respect to the

2

parking lot?  Is there any evidence that any defendant's control over the restaurant extends to the parking lot?  Is it Plaintiff's burden to show that a defendant has control over the parking lot?

**Plaintiff shall immediately serve a copy of this order on Defendants and file a proof of service with the Court.**

**IT IS SO ORDERED**.

Dated: October 4, 2024

_____
EDWARD M. CHEN
United States District Judge