1
2
3
4                     UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7     RICHARD SEPULVEDA,                        Case No.  23-cv-03897-EMC

8                     Plaintiff,

9            v.                                 **ORDER GRANTING PLAINTIFF'S
                                                MOTION FOR DEFAULT JUDGMENT**
10    ENCARNACION PEREZ, et al.,

11                    Defendants.               Docket No. 35

12

13

14          Plaintiff Richard Sepulveda is a serial ADA plaintiff.  As alleged in his complaint, he has

15   degenerative disc disease in his back and arthritis in his joints (including the knees).  As a result,

16   he is limited in the use of his legs and must use a walker.  *See* Compl. ¶ 6.  Plaintiff filed this suit

17   against three defendants back in August 2023.  Defendants are: Encarnacion Perez; Vicente Perez;

18   and EP Real Estate Holdings LLC.  Plaintiff alleges that the two individual defendants own and

19   operate a restaurant located in Oakland, California, and that the entity defendant owns the real

20   property on which the restaurant is located.  *See* Compl. ¶¶ 1, 3.

21          According to Plaintiff, there are barriers to his ability to access the restaurant –

22   specifically, with respect to parking, dining tables, and the bathroom.  *See* Compl. ¶ 4.  Plaintiff

23   maintains that he visited the restaurant on two dates in late June 2023 and then in late July 2023

24   and encountered these barriers.  *See* Compl. ¶ 12.  He alleges that he plans to return to the

25   restaurant once it is made accessible.

26          Currently pending before the Court is Plaintiff's motion for default judgment.  Plaintiff

27   seeks a default judgment on his ADA claim only.  (The Court declined to exercise supplemental

28   jurisdiction over the analogous state law claims.  *See* Docket No. 33 (order).)  As relief, Plaintiff

United States District Court
Northern District of California

United States District Court
Northern District of California

1    asks for an injunction as well as attorneys' fees and costs.

2         After Plaintiff filed his motion for default judgment on the ADA claim, the Court asked for

3    supplemental briefing on two issues, including that of Plaintiff's standing to seek injunctive relief.

4    *See* Docket No. 39 (order).  Standing became an issue because Plaintiff had moved to Manteca,

5    California, which is approximately 60 miles away from Oakland.  The Court then held an

6    evidentiary hearing on February 7, 2025, so that Plaintiff could testify on the issue of standing.

7         Taking into account both the papers submitted and Plaintiff's oral testimony at the

8    evidentiary hearing, the Court hereby rules as follows.

9         1.    Plaintiff has sufficiently established that he has standing to seek injunctive relief.

10   Plaintiff testified that he still regularly returns to Oakland to receive medical care at the Oakland

11   VA Clinic and he submitted medical records to support this testimony (*e.g.*, reflecting visits to

12   medical providers in January 2025).  The Court emphasizes, however, that its ruling here is simply

13   a finding that Plaintiff has standing *at this specific time* to seek injunctive relief against

14   Defendants who are based in the Bay Area.  Plaintiff admitted during his testimony that there is a

15   new VA clinic in Stockton (*i.e.*, closer to his residence in Manteca).  The Court also takes judicial

16   notice of the fact that there are VA clinics in Modesto, Palo Alto, and San Jose.  While Plaintiff

17   may not have established relationships with medical providers at these locations *at this point in

18   time*, that could change in the future.

19        2.    Plaintiff has also sufficiently established that Defendants have control over the

20   parking lot (and not just the restaurant itself).  *See* Mac Bride Decl., Ex. 1 (grant deed and deed of

21   trust).

22        3.    In light of the above, the Court grants Plaintiff's motion for default judgment on the

23   ADA claim.  The Court adopts Judge Ryu's analysis in her report and recommendation, *see*

24   Docket No. 28 (R&R), but for the ADA claim only.

25        4.    Accordingly, the Court hereby enters an injunction requiring Defendants to remedy

26   the defective parking space, provide accessible tables in the exterior dining area, and remedy the

27   identified violations in the restroom.

28   / / /

2

5.     In addition, the Court awards $2,660.00 in attorneys' fees and $1,007.00 in attorney's costs.

The Clerk of the Court is instructed to enter a final judgment in accordance with this order and close the file in the case.

This order disposes of Docket No. 35.

**IT IS SO ORDERED**.

Dated: February 9, 2025

_____
EDWARD M. CHEN
United States District Judge